USAO Rev. 4/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 23-12 (MN) |
| ) | |
| SAMUEL BARNES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Jennifer K. Welsh, Assistant United States Attorney, and the defendant, Samuel Barnes, by and through his attorney, Janet Bateman, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One and Two of the Superseding Indictment, which charge him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B).

2. The defendant understands that the maximum penalties for Count One are: 10 years of imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.

3. The defendant understands that the maximum penalties for Count Two are: 5 years of imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.

4. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm; (2) at the time of the charged act, the defendant previously had been convicted of a crime punishable by incarceration for a term exceeding one year; (3) at the time of the charged act, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) the defendant's possession of the firearm was in and affecting interstate and/or foreign commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

5. The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant knowingly possessed a firearm; (2) the firearm had the importer's or manufacturer's serial number removed, obliterated, or altered; (3) the defendant knew the serial number had been removed, obliterated, or altered; and (4) the firearm had traveled, at any time, in interstate or foreign commerce. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two.

6. The defendant is pleading guilty to Counts One and Two because he is, in fact, guilty.

7. Pursuant to Section 6B1.4 of the November 1, 2023, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

    a. Because the defendant possessed a semiautomatic firearm that is capable of accepting a large-capacity magazine, and the defendant committed the instant offense subsequent to sustaining a felony conviction of either a crime of violence or a controlled substance offense, the base offense level applicable to Count One is 22 pursuant to U.S.S.G. § 2K2.1(a)(3);

    b. The firearm the defendant possessed had an obliterated serial number, and therefore the Court should apply a four-level increase to his offense level pursuant to U.S.S.G. §2K2.1(b)(4)(B)(i);

    c. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense-Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees

that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

       8.     The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate, and to defend the rulings of the District Court at any subsequent proceeding. The parties likewise remain free to make whatever recommendations they believe are appropriate at sentencing in connection with supervised release violations in the matters docketed at Criminal Action Numbers 13-cr-0112 and 16-cr-0024.

       9.     The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an

appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to forfeit pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) all firearms and ammunition involved in the commission of Counts One and Two, including but not limited to a Masterpiece Arms Grim Reaper 9 mm pistol with an obliterated serial number ("Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence

imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

11.  The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12.  This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

////

13. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

DAVID C. WEISS
UNITED STATES ATTORNEY

_____  By: _____
Janet Bateman, Esquire            Jennifer K. Welsh
Attorney for Defendant             Assistant United States Attorney

_____
Samuel Barnes, Defendant

Dated: 11/14/24

AND NOW, this 14th day of November, 2024, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE MARYELLEN NOREIKA
UNITED STATES DISTRICT JUDGE

7